1  HOOTAN TROY FARAHMAND (SBN: 230345)
   3575 Cahuenga Bl. West, #580
2  Los Angeles, CA 90068
   Telephone: (310) 560-0606
3  Facsimile: (310) 829-0225
   Email: HTF@HTFLAWFIRM.COM
4
   JOE OLLINGER (SBN: 285641)
5  3348 Griffith Park Blvd. #22
   Los Angeles, CA 90027
6  Telephone:  (310) 424-0097
7  Attorneys for Plaintiff,
   STAR FABRICS, INC.
8

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11

12  STAR FABRICS, INC., a California        Case No. 2:14-CV-09190
13  corporation,
                                            **PLAINTIFF'S COMPLAINT FOR:**
14              Plaintiff,
                                              1. COPYRIGHT INFRINGEMENT;
15  vs.
                                              2. VICARIOUS AND/OR
16                                               CONTRIBUTORY COPYRIGHT
    AMAZON.COM, INC., a                          INFRINGEMENT;
17  Washington corporation; SOLEIL
    BLUE, LLC, a Florida limited            Jury Trial Demanded
18  liability company; TOSCANO, INC.,
    a business entity of form unknown;
19  ULUWATU BALI ISLAND, INC., a
    Florida corporation; and DOES 1
20  through 10,
                Defendants.
21

22

23

24

25

26

27

28

                               1
                           **COMPLAINT**

Plaintiff STAR Fabrics, INC. ("Plaintiff" or "STAR FABRICS"), by and though its undersigned attorneys, hereby prays to this honorable Court for relief and remedy based on the following:

## INTRODUCTION

Plaintiff creates and obtains unique two-dimensional graphic artworks for use on textiles, which textiles are transacted primarily in the fashion industry. Plaintiff owns these designs in exclusivity and makes sales of products bearing these designs for profit.  Plaintiff's business is predicated on its ownership of these designs and it spends a considerable amount of time and resources creating and obtaining top quality, marketable, and aesthetically-appealing designs. Customers of Plaintiff take design samples with the understanding and agreement that they will utilize only Plaintiff to reproduce said designs should they wish to do so, and will not seek to make minor changes to Plaintiff's proprietary work to reproduce the same elsewhere. This action is brought to recover damages for direct, vicarious, and contributory copyright infringement arising out of the misappropriation of Plaintiff's intellectual property rights in certain of these designs, and breach of contract, by Defendants, and each of them.

## JURISDICTION AND VENUE

1.     This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101 *et seq.*

2.     This Court has federal question jurisdiction under 28 U.S.C. § § 1331(m), 1338 (a-b).

3.     Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4.     Plaintiff STAR FABRICS, INC. ("STAR" or "Plaintiff") is a corporation organized and existing under the law of the State of California with its

2

principal place of business located at 1440 East Walnut, Los Angeles, California 90011.

5.      Plaintiff is informed and believes and thereon alleges that Defendant AMAZON.COM, INC. ("AMAZON") is a corporation organized and existing under the laws of the State of Washington with its principal place of business at 300 Deschutes Way Southwest, Suite 304, Tumwater, Washington 98501, and is doing business in and with the State of California.

6.      Plaintiff is informed and believes and thereon alleges that Defendant SOLEIL BLUE, LLC ("SOLEIL BLUE") is a limited liability company organized and existing under the laws of the State of Florida with its principal place of business at 79 West Pelican Street, Naples, Florida 34113, and is doing business in and with the State of California.

7.      Plaintiff is informed and believes and thereon alleges that Defendant TOSCANO, INC. ("TOSCANO") is a business entity of form unknown with its principal place of business at 666 5th Avenue, Suite 113, New York, New York 10103, and is doing business in and with the State of California.

8.      Plaintiff is informed and believes and thereon alleges that Defendant ULUWATU BALI ISLAND, INC. ("ULUWATU") is a corporation organized and existing under the laws of the State of Florida with its principal place of business at 4686 Northwest 74th Avenue, Miami, Florida 33166, and is doing business in and with the State of California.

9.      Plaintiff is informed and believes and thereon alleges that some of Defendants DOES 1 though 3, inclusive, are manufacturers and/or vendors of garments to Defendant, which DOE Defendants have manufactured and/or supplied and are manufacturing and/or supplying garments comprised of fabric printed with Plaintiff's copyrighted design(s) (as hereinafter defined) without Plaintiff's knowledge of consent or have contributed to said infringement.  The true names, whether corporate, individual or otherwise, of Defendants DOES 1-3, inclusive, are

3

**PLAINTIFF'S COMPLAINT**

presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when the same have been ascertained.

10.    Defendant DOES 4 though 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyright, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein.  The true names, whether corporate, individual, or otherwise, of Defendants 4 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when the same have been ascertained.

11.    Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agents, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts of conduct alleges, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO DESIGN TITLES "61619"

12.    Prior to the conduct complained of herein, Plaintiff purchased original source artwork from an art studio and created a multi-element pattern design suitable for printing on textiles.  Plaintiff allocated to this artwork the Internal Design Code "No. 40049" ("Subject Design") (attached hereto as EXHIBIT 1").

13.    Plaintiff applied for copyright registration from the United States Copyright Office and was granted Registration No. VA0001726212 on June 3rd, 2010 (attached hereto as "EXHIBIT 2").

4

14.    Prior to the acts complained of herein, Plaintiff sampled and sold fabric bearing the Subject Design to numerous parties in the fashion and apparel industries.

15.    Following this distribution of product bearing the Subject Design, Plaintiff's investigation revealed that and each of them created, manufactured, caused to be manufactured, imported, distributed, and/or sold fabric and/or garments comprised of fabric featuring a design which is identical, or substantially similar, to the Subject Design and/or distributed fabric bearing a design that is identical or substantially similar to the Subject Design and/or garments comprised of such fabric ("Subject Garment").  Said garments include Infringing Garments A - C which are attached hereto as Exhibit 3.

16.    Plaintiff formatted the Subject Design for use on textiles, sampled the Subject Design to prospective customers, and negotiated sales of fabric bearing the Subject Design.

17.    Plaintiff's investigation into the unlawful use of its proprietary designs revealed that Defendant TOSCANO was purchasing, importing, distributing, and selling for profit garments which infringed the Subject Design ("Infringing Garments A").

18.    Plaintiff is informed and believes, and thereon alleges, that Defendant TOSCANO made slight alterations to the Subject Design and had its modified design printed elsewhere, with knowledge that the Subject Design was Plaintiff's proprietary design.

19.    Plaintiff's investigation into the unlawful use of its proprietary designs revealed that Defendant AMAZON was purchasing, importing, distributing, and selling for profit garments which infringed the Subject Design ("Infringing Garments A").

20.    Plaintiff's investigation into the unlawful use of its proprietary designs revealed that Defendant SOLEIL BLUE was purchasing, importing, distributing,

5

1   and selling for profit garments which infringed the Subject Design ("Infringing

2   Garments A").

3        21.    Plaintiff's investigation further revealed that Infringing Garments A

4   were sold by TOSCANO and DOE defendants to AMAZON, SOLEIL BLUE, and

5   DOE defendants.

6        22.    Plaintiff's investigation into the unlawful use of its proprietary designs

7   revealed that Defendant ULUWATU was purchasing, importing, distributing, and

8   selling for profit garments which infringed the Subject Design ("Infringing

9   Garments B and C").

10       23.    Plaintiff is informed and believes, and thereon alleges, that Defendant

11  ULUWATU made slight alterations to the Subject Design and had its modified

12  design printed elsewhere, with knowledge that the Subject Design was Plaintiff's

13  proprietary design and/or with reckless disregard for Plaintiff's copyright.

14       24.    None of the aforementioned transactions in Paragraphs 17 through 23

15  of this Complaint were authorized by Plaintiff, and all were in violation of

16  Plaintiff's intellectual property rights.

17                          **FIRST CLAIM FOR RELIEF**

18               (For Copyright Infringement – Against All Defendants, and Each)

19       25.    Plaintiff repeats, realleges, and incorporates herein by reference as

20  though fully set forth the allegation contained in the preceding paragraphs of this

21  Complaint.

22       26.    Plaintiff is informed and believes and thereon alleges that Defendants,

23  and each of them, accessed the Subject Design through, without limitation, the

24  following: (a) access to Plaintiff's design library; (b) access to authorized or

25  unauthorized reproductions in the possession of other direct and third-party

26  vendors, retail stores, and/or DOE Defendants, including without limitation

27  international and/or overseas converters and printing mills; and (c) access to

28

**PLAINTIFF'S COMPLAINT**

1  Plaintiff's strike-offs, swatches, paper CADs and samples (d) access to garments in
2  the marketplace manufactured from fabric lawfully printed through Plaintiff.

3      27.    Plaintiff is informed and believes and thereon alleges that one or more
4  of the Defendants manufactures garments and/or is a garment vendor.  Plaintiff is
5  further informed and believes and thereon alleges that said Defendant(s) has an
6  ongoing business relationship with Defendant retailers, and each of them, and
7  supplied garments to said retailers, which garments infringed the Subject Design in
8  that said garments were composed of fabric which featured unauthorized print
9  designs that were identical or substantially similar to the Subject Design.

10     28.    Plaintiff is informed and believes and thereon alleges that Defendants,
11  and each of them, infringed Plaintiff's copyright by importing, creating, making,
12  advertising and/or developing directly infringing and/or derivative works from the
13  Subject Design and by importing, producing, distributing, and/or selling Infringing
14  Garments as described in paragraph 17-23 of this Complaint through their retail
15  stores and through on-line websites.

16     29.    Due to Defendants' acts of infringement, Plaintiff has suffered
17  substantial damages to its business in an amount to be established at trial.

18     30.    Due to Defendants' acts of infringement, Plaintiff has suffered general
19  and special damages in an amount to be established at trial.

20     31.    Due to Defendants' acts of copyright infringement as alleged herein,
21  Defendants, and each of them, have obtained direct and indirect profits they would
22  not otherwise have realized but for their infringement of the Subject Design.  As
23  such, Plaintiff is entitled to disgorgement of Defendants' profits directly and
24  indirectly attributable to Defendants' infringement of the Subject Design in an
25  amount to be established at trial.

26     32.    Plaintiff issued cease and desist letters to Defendants, and each of
27  them, and is informed and believes and thereon alleges that, in spite of their receipt
28  of the aforementioned cease and desist demand letters, Defendants, and each of

**PLAINTIFF'S COMPLAINT**

them, continued to sell Subject Garments in violation of Plaintiff's right as the copyright proprietor and owner of Subject Design. Therefore Defendants' acts of copyright infringement as alleged above were, and continue to be, willful, intentional, and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement.

33.   Defendants, and each of them, willfully and intentionally misappropriated, palmed-off and/or infringed Plaintiff's copyrighted Subject Design, which renders Defendants, and each of them, liable for statutory damages as described herein.   Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or contributory Copyright Infringement – Against All Defendants)

34.   Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

35.   Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, knowingly induced, participated in, aided and abetted in, and resultantly profited from the illegal reproduction, importation, purchase, distribution, advertising and/or sales of product featuring the Subject Design as alleged hereinabove.

36.   Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct and financial interest in the infringing conduct.

37.   By reason of the Defendants', and each of their, acts of contributory and/or vicarious infringement as alleged above, Plaintiff has suffered and will

8

**PLAINTIFF'S COMPLAINT**

1  continue to suffer substantial damages to its business in an amount to be established

2  at trial, as well as additional general and special damages in an amount to be

3  established at trial.

4       38.   Due to Defendants' acts of contributory and/or vicarious copyright

5  infringement as alleged herein, Defendants, and each of them, have obtained direct

6  and indirect profits they would not otherwise have realized but for their

7  infringement of the Subject Design.  As such, Plaintiff is entitled to disgorgement

8  of Defendants' profits directly and indirectly attributable to Defendants'

9  infringement of the Subject Design, in an amount to be established at trial.

10       39.   Plaintiff is informed and believes and thereon alleges that Defendants,

11  and each of them, have continued to manufacture and/or sell Subject Garments after

12  Plaintiff demanded that they cease and desist from engaging in same. Therefore

13  Defendants' acts of copyright infringement as alleged above were, and continue to

14  be, willful, intentional and malicious, subjecting Defendants, and each of them, to

15  liability  therefore, including statutory damages under Section 504(c)(2) of the

16  Copyright Act in the sum of one hundred fifty thousand dollars ($150,000) per

17  infringement. Further, Defendants', and each of their willful and intentional

18  misappropriation and/or infringement of Plaintiff's copyrighted Subject Design

19  renders Defendants, and each of them, liable for statutory damages as described

20  herein. Within the time permitted by law, Plaintiff will make its election between

21  actual and statutory damages.

22                **PRAYER FOR RELIEF**

23  Wherefore, Plaintiff prays for judgment as follows:

24                ***Against All Defendants***

25     1.  With Respect to Each Claim for Relief

26        a.  That Defendants, their agents and servants be enjoined from importing,

27          manufacturing, distributing, advertising, offing for sale, selling or

28

**PLAINTIFF'S COMPLAINT**

otherwise trafficking in any product that infringes Plaintiff's copyrights in the Subject Design in any manner;

b. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or if elected, before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 *et seq.*;

c. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 *et seq.*;

d. That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement;

e. That Plaintiff be awarded pre-judgment interest as allowed by law;

f. That Plaintiff be awarded the costs of this action; and

g. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury in this action pursuant to F.R.C.P. 38 and the Seventh Amendment of the Constitution.

DATED: November 30th, 2014

By: _____
JOE OLLINGER
LAW OFFICES OF H. TROY FARAHMAND
Attorneys for Plaintiff
STAR FABRICS, INC.

# EXHIBIT 1



# EXHIBIT 2

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number**

## VA 1-726-212

**Effective date of
registration:**

June 3, 2010

## Title

**Title of Work:** #40049

## Completion/Publication

**Year of Completion:** 2009

**Date of 1st Publication:** April 1, 2009          **Nation of 1st Publication:** United States

## Author

■          **Author:** LISA SPA

**Author Created:** 2-D artwork

**Work made for hire:** Yes

**Citizen of:** Italy                    **Domiciled in:** Italy

## Copyright claimant

**Copyright Claimant:** STAR FABRICS

1440 WALNUT ST, LOS ANGELES, CA, 90011, United States

**Transfer Statement:** ASSIGNMENT OF COPYRIGHTS

## Certification

**Name:** ADIR HARONI

**Date:** June 2, 2010

EXHIBIT 3

# INFRINGING GARMENTS A



# INFRINGING GARMENTS B



INFRINGING GARMENTS C

